UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAS DOBANE, also known as BRIAN L.
TAYLOR,

Plaintiff,

-against-

MARK SULLIVAN, CDS; ADVANTAGE
SOLUTIONS; CDS (CLUB
DEMONSTRATION SERVICES), INC.,

Defendants.

26-CV-0503 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Bras Dobane, who is also known as Brian L. Taylor, and who resides in South

Orange, New Jersey, brings this *pro se* action alleging that his employer discriminated against

him in violation of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave

Act ("FMLA"), and New Jersey state law. Named as Defendants are Club Demonstration

Services, Inc. ("CDS"); CDS Event Manager Mark Sullivan; and Advantage Solutions. For the

following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States

District Court for the District of New Jersey.

## DISCUSSION

Venue for Plaintiff's employment discrimination claims under the ADA is governed by

the venue provision set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

5(f)(3). *See* 42 U.S.C. § 12117 (incorporating by reference Title VII's venue provision for

employment discrimination claims under Title I of the ADA). Under that provision, ADA claims

may be brought:

> in any judicial district in the State in which the unlawful employment practice
> is alleged to have been committed, the judicial district in which the
> employment records relevant to such practice are maintained and

administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that Defendant CDS engaged in unlawful employment practices in Union, New Jersey, which is located in the District of New Jersey. *See* 28 U.S.C. § 110. He alleges no facts demonstrating that the unlawful employment practice was committed in this district or that any employment records are maintained or administered in this district.[1] Venue for Plaintiff's ADA claims is therefore proper in the District of New Jersey, not this district.

Venue for Plaintiff's claims under the FMLA and state law is governed by the general venue provision, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

---

[1] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Plaintiff provides a Union, New Jersey, employment address for Sullivan. He alleges that CDS has addresses in San Diego, California, and Clayton, Missouri, and that Advantage Solutions maintains an address in Clayton, Missouri. Plaintiff alleges that the events giving rise to his claims occurred in Union, New Jersey. Because Plaintiff does not allege that any defendant resides in this district and all defendants reside in the State of New York, or that a substantial part of the events giving rise to his claims occurred in this district, venue for his ADA and state law claims is improper in this district under Section 1391(b)(1) and (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The allegedly unlawful employment practices giving rise to Plaintiff's claims occurred in Union, New Jersey. Accordingly, venue for Plaintiff's ADA claims and his claims under the FMLA and state law is proper in the District of New Jersey. *See* 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. § 1391(b)(2). The Court therefore transfers this action in the interest of justice, to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's application for the court to request pro bono counsel is also reserved for the transferee court. Summonses shall not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 6, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge